```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JEROME A. JOHNSON,

                        Plaintiff,             03-CV-6333T

                v.                              DECISION
                                                and ORDER
JOHN E. POTTER, Postmaster General
of the United States Postal Service,

                        Defendant.
_____
```

INTRODUCTION

Plaintiff, Jerome Johnson, Inc., ("plaintiff" or "Johnson") brings this action against John Potter, Postmaster General of the United States of America ("defendant"), asserting that he was discriminated against based on his race in violation of Title VII. Defendant moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff opposes this motion.

For the reasons set forth below, defendant's motion for summary judgment is denied.

BACKGROUND

Plaintiff, an African American, has been employed by the United States Postal Office since 1969. He has been a Postmaster at the Palmyra, New York post office since 1983. Plaintiff maintains that he has been trying to obtain a promotion to a higher pay grade level in a post office facility for a number of years without success which he attributes to him being an African-American.

In January 2002, plaintiff applied for a higher position as Postmaster where vacancies existed at two postal facilities in

Geneva and East Rochester. The Geneva and Rochester postal locations are larger than the Palmyra post office where plaintiff was the serving as Postmaster. At the time of his application, plaintiff was on leave from his duties at the Palmyra office and he was acting as Postmaster at the Geneva office. Plaintiff maintains he was often selected to "clean up" other postal offices that needed help and that he was given an award for conducting a safety training program. Plaintiff maintains that he has never been cited for poor performance for any of his job related duties.

Ms. Essler, ("Essler"), the Manager of Postal Operations, Program Support for the Western District of New York was the postal manager in charge of selecting the new Postmasters for the Geneva and East Rochester facilities. Plaintiff made the final "package" of applicants for both the Geneva and East Rochester Postmaster positions.  Essler directed another Postmaster, Mr. Whitmore, ("Whitmore") to conduct a never before used test, a "compliance check," to assist her in the selection of the new Postmasters. The test consisted of visits to each of the candidates postal offices to evaluate and verify that their particular "paperwork" was in order. There is disagreement as to whether or not these visits had been announced. Whitmore completed these checks and gave Essler a report of his findings. Shortly thereafter, plaintiff was not selected for either Postmaster positions. Plaintiff is still currently the Postmaster in the Palmyra location.

Plaintiff alleges that the defendant conducted these compliance checks in a discriminatory manner and used the process to provide a justification for selecting the allegedly less-qualified Caucasian candidates. As the only African-American of the three finalists being considered for the two locations, he alleges that he was not selected for discriminatory reasons.

DISCUSSION

I. Defendant's Motion for Summary Judgment

The defendant moves for summary judgment maintaining that the plaintiff has offered no evidence to support the contention that the compliance checks were performed in a discriminatory manner.

Rule 56 of the Federal Rules of Civil Procedure provides that a party is entitled to summary judgment as a matter of law only where, "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact..." Fed.R.Civ.Pro. 56. The party seeking summary judgment bears the burden of demonstrating that no genuine issue of material fact exists, and in making the decision the Court must draw all reasonable inferences in favor of the party against whom summary judgment is sought. Ford v. Reynolds, 316 F.3d 351, 354 (2d Cir. 2003) (citing Marvel Characters v. Simon, 310 F.3d 280, 285-86 (2d Cir. 2002)).

Here, several questions of material fact exist as to the testimony, notes, and credibility of Essler and Whitmore in implementing the compliance checks. Most significantly though, it is undisputed that Essler implemented a test in the hiring process

that had never been used before. Thus, a material question of fact exists of whether the new, never been used before "compliance check" was either motivated by racial animus or applied to affect a racial preference to the detriment of the plaintiff. It is well settled that "federal courts 'are not in the business of adjudging whether employment decisions are prudent or fair. Instead, our sole concern is whether unlawful discriminatory animus motivates a challenged employment decision,'" Knighton v. Delphi Automotive Systems, 03-cv-6270, 2004 U.S. Dist. LEXIS 27893, at *10 (W.D.N.Y. October 28, 2004)(quoting Rojas v. Florida, 285 F.3d 1339, 1342 (11th Cir. 2002)). Thus, a significant material question of fact is presented as to whether there was a discriminatory animus in using this new, never been used before compliance check in the hiring process of the Postmasters to eliminate the plaintiff who is African-American. Having determined that this question of fact exists, I need not address other issues raised by the parties and, therefore, the defendant's motion for summary judgment is denied.

## CONCLUSION

For the reasons set forth above, defendant's motion for summary judgment is denied.

_____ALL OF THE ABOVE IS SO ORDERED.


           S/Michael A. Telesca_____
             MICHAEL A. TELESCA
           United States District Judge

Dated:    Rochester, New York
          May 2, 2006_____